UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION


**JOHN STEWART and RUZA STEWART**                                              **PLAINTIFFS**


**V.**                                    **CIVIL ACTION NO. 1:06CV409 LTS-RHW**


**STATE FARM FIRE AND CASUALTY COMPANY**
**and FELICIA L. PALMER**                                                      **DEFENDANTS**


**ORDER FOR FILING OF AFFIDAVIT
IN CONNECTION WITH PLAINTIFFS' MOTION TO REMAND
AND DEFENDANT FELICIA L. PALMER'S MOTION TO DISMISS**


The Court has before it Plaintiffs John Stewart and Ruza Stewart's (the Stewarts) motion to remand. For the reasons set out below, I will hold this motion in abeyance pending the filing of an affidavit by the plaintiffs concerning the conduct of Defendant Felicia L. Palmer (Palmer).

This is an action for property damage sustained during Hurricane Katrina. Plaintiffs are named insureds under a policy of homeowners insurance (policy number 24-96-1878-4) issued by Defendant State Farm Fire and Casualty Company (State Farm).

Plaintiffs have alleged a cause of action against Defendant Felicia L. Palmer for negligent misrepresentation under applicable Mississippi law. Specifically, the plaintiffs allege that at the time they purchased their State Farm policy, an agent of Defendant State Farm represented to them that flood coverage was neither required nor recommended for their residence. Plaintiffs allege that they relied upon these representations in deciding not to purchase flood insurance. (Complaint Paragraph 11)

Since Defendant Palmer is the only State Farm representative identified in the complaint, a reasonable inference might be drawn that she was the individual who allegedly made these representations. However, Defendant Palmer has filed an affidavit, in support of her motion to dismiss under F.R.Civ.P. 12(b), indicating that she was not the State Farm representative who sold the plaintiffs the State Farm policy at issue.

Before I rule on the plaintiffs' motion to remand and before I rule on Defendant Palmer's motion to dismiss, I will require the plaintiffs to file an affidavit stating specifically whether it was Defendant Palmer who made the representations alleged in Paragraph 11 of the state court complaint, and if so, identifying as nearly as possible the date the representations were made. I will allow the plaintiffs fourteen days from the date of this order within which to file this affidavit.

**SO ORDERED** this 31st day of July, 2006.

s/ *L. T. Senter, Jr.*

L. T. Senter, Jr.
Senior Judge